IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD McCLISH,<br><br>              Plaintiff,<br><br>  vs.<br><br>JAMES A. YATES, Warden,<br><br>              Defendant. | Case No. 2:08-cv-00461 (JKS)<br><br>MEMORANDUM DECISION |

Petitioner Richard Jerome McClish, a state prisoner appearing *pro se*, has filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. McClish is currently in the custody of the California Department of Corrections, incarcerated at the Pleasant Valley State Prison in Coalinga, California. Respondent has filed his answer. McClish has replied.

        I.        BACKGROUND/PRIOR PROCEEDINGS

A jury convicted McClish of attempted premeditated murder (Cal. Penal Code §§ 187(a), 664(a)) with enhancements for personally using a firearm (Cal. Penal Code §§ 12022.53(b) & (c), 12022.5(a)) and committing the offense with the knowledge that the victim was a peace officer (Cal. Penal Code § 664(e)). The jury also found McClish guilty of committing an assault on a peace officer (Cal. Penal Code § 245(d)(1)) with enhancements for personal use of a firearm (Cal.

Penal Code §§ 12022.53(b), & (c), 12022.5(a)), being a felon in possession of a firearm (Cal. Penal Code § 12021(a)(1)), carrying a concealed firearm (Cal. Penal Code § 12025(b)(6)), and carrying a loaded firearm (Cal. Penal Code § 12031(a)(2)(F)).  The jury was unable to reach a verdict on a charge of grossly negligent discharge of a firearm (Cal. Penal Code § 246.3).  McClish waived a jury trial on two prior strike convictions, and the trial court found the convictions to be true.  The trial court denied McClish's request for probation.  The trial court then sentenced McClish to an indeterminate term of 45 years to life for attempted premeditated murder, a consecutive, indeterminate sentence of 25 years to life for being a felon in possession of a firearm, and a 20-year-consecutive sentence for the firearm use enhancement.  The trial court stayed sentencing on the remaining counts pursuant to California Penal Code Section 654.

On July 8, 2004, McClish's counsel filed a motion requesting the addresses and phone numbers of the jurors.[1]  Defense counsel stated that the purpose for obtaining the juror information was to interview the jurors regarding potential juror misconduct and develop a motion for a new trial based on juror misconduct.[2]  In support of the petition, defense counsel alleged that after the trial, one of the jurors reported three instances of potential juror misconduct.[3]  Specifically, the juror stated: 1) that she overheard two of the witnesses talking in the hall about the case and related the conversation to the rest of the jurors who then discussed the contents during deliberations;[4] 2)  that juror number 12 had been "berated and personally insulted during deliberations" when she

---

[1] *See* Petition for Habeas Corpus, Exhibit B.

[2] *See* Petition for Habeas Corpus, Exhibit B, p. 4.

[3] *See* Petition for Habeas Corpus, Exhibit B, pp. 4-5.

[4] *See* Petition for Habeas Corpus, Exhibit B, pp. 4-5.

expressed doubt about the defendant's guilt, and;[5] 3) that outside statistics regarding gun ownership, which were not presented at trial, were discussed during deliberations.[6] Defense counsel did not attach an affidavit from the juror who made these statements. The trial court denied defense counsel's motion for the release of juror information on all legal grounds, holding that "even if the allegations in the motion were true, they would not result in a granting of a motion for a new trial."[7]

McClish appealed his conviction, and the California Court of Appeal affirmed the judgment on April 4, 2006.[8]

On April 27, 2007, McClish filed a Petition for Writ of Habeas Corpus in the Sacramento County Superior Court.[9] On June 6, 2007, the Superior Court denied the petition.[10]

On July 16, 2007, McClish filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Third Appellate District.[11] On July 26, 2007, the California Court of Appeal denied the petition.[12]

---

[5] Petition for Habeas Corpus, Exhibit B, p. 5.

[6] Petition for Habeas Corpus, Exhibit B, p. 5.

[7] Petition for Habeas Corpus, Exhibit A, pp. 1-2.

[8] Lodged Doc. No. 1.

[9] Lodged Doc. No. 2.

[10] Lodged Doc. No. 3.

[11] Lodged Doc. No. 4.

[12] Lodged Doc. No. 5.

On August 24, 2007, McClish Filed a Petition for Writ of Habeas Corpus in the California Supreme Court.[13]  On February 13, 2008, the California Supreme Court denied the petition.[14]

On February 28, 2008, McClish timely filed the present Petition for Writ of Habeas Corpus in this Court.[15]  In his petition to this Court McClish raises two grounds for relief: 1) the trial court abused its discretion in not granting his Motion to Release Juror Information; 2) ineffective assistance of appellate counsel for not raising the issue enumerated in ground one on appeal.[16]  McClish has properly exhausted his claims for relief in state court.  Respondent affirmatively alleges that McClish's first claim is procedurally barred.[17]

## II.     STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[18]  The Supreme Court has explained that "clearly

---

[13] Lodged Doc. No. 6.

[14] Lodged Doc. No. 7.

[15] *See* Petition for Habeas Corpus.

[16] *See* Petition for Habeas Corpus.

[17] Answer to Petition for Writ of Habeas Corpus, p. 3.

[18] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

4

established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[19] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[20] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[21] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[22] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[23] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[24]

---

[19] *Williams*, 529 U.S. at 412.

[20] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[21] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Moses v. Payne*, 555 F.3d 742, 753–54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[22] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[23] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[24] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

In applying this standard, this Court reviews the last reasoned decision by the state court,[25] which in this case was that of the California Court of Appeal.  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[26]

When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[27]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[28]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[29]

---

[25] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[26] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[27] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[28] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[29] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

III.     DISCUSSION

GROUND I

McClish alleges that the trial court abused its discretion when it denied his Motion to Release Juror Information after McClish's trial counsel presented evidence that juror number 12 had been berated and insulted during the jury deliberations.[30] Cases distinguish between challenges to jury verdicts based on: 1) external influences on the jurors, and; 2) internal juror dynamics, such as the claim that one juror intimidated another. McClish raised both instances of misconduct in his Motion to Release Juror Information. However, in his Petition for Writ of Habeas Corpus in both the state and federal court, McClish pursued his "abuse of discretion" argument based solely on the allegation that Juror number 12 was berated and insulted during the deliberations. Consequently this is the only instance of juror misconduct that has been properly exhausted in the state court and the only instance that this Court will address. The other instances of juror misconduct have been effectively waived.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[31] This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[32] "[I]n order to constitute adequate and independent grounds sufficient to

---

[30] *See* Petition for Habeas Corpus.

[31] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[32] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

7

support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[33]

Under California law, contentions that could have been raised during direct appeal, but were not, generally cannot be renewed in a petition for habeas corpus.[34] "The only exception to this rule are petitions which allege facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence."[35] "[F]or purposes of the exception to the procedural bar against successive or untimely petitions, a "fundamental miscarriage of justice" will have occurred in any proceeding in which it can be demonstrated: (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed a sentence of death; (4) that the petitioner was convicted or sentenced under an invalid statute."[36]

McClish does not dispute the fact that he did not raise the denial of his Motion to Release Juror Information in his appeals to either the California Court of Appeals or the California Supreme Court. Indeed, the failure to do so is the basis of his "ineffective assistance of counsel" claim.

---

[33] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotations marks and citation omitted).

[34] *In re Terry,* 484 P.2d 1375, 1387 (Cal. 1971).

[35] *In re Clark*, 5 Cal. 4th 750, 797 (Cal. 1993).

[36] *Id*. at 797-798.

8

Additionally, both the California Court of Appeals and the California Supreme Court affirmed the Superior Court's determination that Ground One was procedurally barred.[37] Because McClish's failure to raise this issue on direct appeal was not excused by either the California Court of Appeals or the California Supreme Court, McClish's failure to raise this issue on appeal constitutes a state law ground that is independent of any federal question and adequate to support the judgment. Accordingly, McClish's first ground is procedurally barred.

In addition to being procedurally barred, McClish's claim is without substantive merit. Under AEDPA, this Court may grant a petition for writ of habeas corpus only if the "adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[38] Although this ground was procedurally denied by the state courts, McClish's motion for the release of juror information was decided on the merits. This Court will consider whether the adjudication of that motion resulted in an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.[39]

In his petition, McClish argues that the trial court abused its discretion by not releasing the juror's contact information despite the fact that his trial counsel claimed that one of the juror's stated that juror 12 was berated during deliberations. However, McClish does not cite to one Supreme Court decision, grounded in the constitution, holding that a defendant is entitled to a new trial based on the internal dynamics of a jury deliberation. An independent review of Supreme

---

[37] *See* Lodged Doc. No. 5 and Lodged Doc. No. 7.

[38] 28 U.S.C. § 2254(d)(1).

[39] *Id*.

9

Court jurisprudence by this Court has not revealed any such case. In fact, it appears to be well settled that under federal law, "evidence of discussions among jurors, intimidation or harassment of one juror by another, and other intra-jury influences on the verdict is within the rule . . . and is not competent to impeach a verdict."[40] McClish is not entitled to relief on his first ground.

## GROUND II

McClish claims that his appellate counsel was ineffective for not challenging the trial court's denial of his Motion to Release Juror Information.[41] Specifically, McClish claims that his appellate counsel should have raised the issue that juror 12 was insulted and berated for doubting McClish's guilt.

Under *Strickland v. Washington*,[42] to demonstrate ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[43] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[44] Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[45]

---

[40] *U.S. v. Lakhani*, 480 F.3d 171, 184 (3rd Cir. 2007).

[41] Petition for Habeas Corpus, pp. 12-14.

[42] 466 U.S. 668 (1984).

[43] *Id.* at 687.

[44] *Id*.

[45] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

10

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable– a substantially higher threshold." *Schriro, supra,* at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[46]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[47]

McClish bears the burden of proving that his appellate counsel's strategy was deficient. McClish does not meet this burden because he is unable to show a reasonable probability that, but for counsel's failure to raise this argument, the result would have been different. Under California law "[i]t is settled . . . that "a jury verdict may not be impeached by hearsay affidavits."[48] As noted by the Superior Court in its denial of McClish's Petition for Writ of Habeas Corpus, "[d]efendant's trial counsel's declaration in support of the motion seeking juror identifying information was based upon hearsay."[49] Furthermore, California Evidence Code Section 1150(a) prohibits the admission of evidence as to the mental processes of jury deliberations. Thus, even if McClish's counsel were able to produce a juror willing to testify that juror 12 was berated and insulted for doubting McClish's guilt, such testimony would be prohibited to impeach the verdict. The failure of

---

[46] *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1420 (2009).

[47] *See Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[48] *People v. Williams*, 756 P.2d 221 250 (Cal. 1988) (overruled on other grounds).

[49] Lodged Doc. No. 3, p. 3 of 4.

11

appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[50]  Furthermore, McClish is unable to establish that, had appellate counsel raised the issue, there was a reasonable probability that the outcome would have been different.  McClish is not entitled to relief on his second ground.

### IV. CONCLUSION and ORDER

McClish is not entitled to relief under any ground raised in the petition. Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[51]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[52]

---

[50] *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

[51] 28 U.S.C. 2253(c); *Slack v. Daniel*, 529 U.S. 473 484 (2000).

[52] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated: December 14, 2009.

>    /s/ James K. Singleton, Jr.   
> **JAMES K. SINGLETON, JR.**  
> United States District Judge